FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 06, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HAYLI H., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:19-CV-0127-JTR <br><br> ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney Dana C. Madsen represents Hayli H. (Plaintiff); Special Assistant United States Attorney Franco L. Becia represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income in February 2017, alleging disability since January 1, 2017, due to PTSD, anxiety, depression, bipolar disorder, borderline personality disorder, agoraphobia, headaches and back issues. Tr. 225, 247. At the administrative hearing, Plaintiff amended her alleged

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

disability onset date to February 14, 2017, the application date. Tr. 36. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Donna L. Walker held a hearing on April 12, 2018, Tr. 34-60, and issued an unfavorable decision on June 5, 2018, Tr. 15-27. The Appeals Council denied Plaintiff's request for review on February 16, 2019. Tr. 1-6. The ALJ's June 2018 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 16, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on December 16, 1992, Tr. 225, was 24 years old on the alleged onset date, February 14, 2017, and earned her GED in 2011, Tr. 44, 248. The record reflects Plaintiff held part-time jobs in 2008 and 2009, but she has no past relevant work. Tr. 48-49, 248. Plaintiff's disability report indicates she stopped working on December 31, 2011, because of her conditions. Tr. 247.

Plaintiff testified at the administrative hearing on April 12, 2018, that she has a serious anxiety disorder, borderline personality disorder and depression. Tr. 46. She stated she has panic attacks about four times a week, lasting 15 minutes to three hours each time. Tr. 49-50. Plaintiff indicated she also has insomnia and only sleeps a total of about five hours each day. Tr. 51-52. She reported other issues as well including trichotillomania, Tr. 47, migraine headaches, Tr. 52, heart palpitations, Tr. 53, and self-harm, Tr. 54. Plaintiff stated she has attended mental health treatment since she was very young to cope with her "very dark" childhood and prior drug and alcohol problems. Tr. 46. She reported at the time of the administrative hearing that she was continuing in a methadone treatment program and had been clean and sober for six years. Tr. 49.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to

other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On June 5, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 14, 2017, the alleged onset date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: major depressive disorder; generalized anxiety disorder, with panic; personality disorder, borderline; posttraumatic stress disorder; trichotillomania; cardiac arrhythmia, with tachycardia, by history (without corroboration); asthma; seizure (by history); neck pain; migraines; and morbid obesity. Tr. 17.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 18.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertion level work with the following limitations: she could lift and/or carry up to 20 pounds occasionally (up to 1/3 of the workday) and 10 pounds frequently (up to 2/3 of the workday); she could sit for six hours and stand and/or walk up to six hours in an eight-hour workday; she has an unlimited ability to balance, stoop (i.e., bend at the waist), kneel, crouch (i.e., bend at the knees) or crawl; she could frequently climb ramps or stairs and occasionally climb ladders, ropes or scaffolds; she has an unlimited ability to push and/or pull, other than as stated for lift/carry; she has an unlimited ability to handle, finger or feel, reach in all directions, including overhead, and see, hear and communicate; she has no limitations regarding exposure to extreme heat, wetness, humidity or

noise, but should avoid concentrated exposure to extreme cold, fumes, odors, dust, gases, poor ventilation, vibration and hazards such as dangerous machinery and unprotected heights; she has no limitations regarding the ability to understand, remember and apply information that is simple and routine, 1-3 step tasks; she would work best in proximity to, but not close cooperation with, co-workers and supervisors and must work away from the public; she has the ability, with legally required breaks, to focus attention on work activities and stay on task at a sustained rate, complete tasks in a timely manner, sustain an ordinary routine, regularly attend work, and work a full day without needing more than the allotted number or length of rest periods; and she would work best in a routine, predictable environment, but has the ability to respond appropriately, distinguish between acceptable and unacceptable work performance, or be aware of normal hazards and take appropriate precautions.  Tr. 19-20.

At step four, the ALJ found Plaintiff had no past relevant work.  Tr. 26.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of small parts assembler, food sorter, and bottle packer/caser.  Tr. 26-27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from February 14, 2017, the alleged onset date, through the date of the ALJ's decision, June 5, 2018.  Tr. 27.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

///

///

Plaintiff raises the following issues for review: (1) Did the ALJ improperly discredit Plaintiff's symptom claims; (2) Did the ALJ fail to properly consider and weigh the opinion evidence; (3) Are the errors harmless and/or result in ancillary error; and (4) What is the proper remedy. ECF No. 13 at 13.

## DISCUSSION

**A.    Medical Opinion Evidence**

Plaintiff argues the ALJ erred by failing to properly consider the medical opinion evidence of record. Plaintiff specifically asserts the ALJ erred by rejecting the opinions of examining medical professionals Dennis Dyck, Ph.D., and Kayleen Islam-Zwart, Ph.D.,[1] and instead relying on the opinions of the nonexamining medical expert, Nancy Winfrey, Ph.D., and nonexamining state agency physicians Patricia Kraft, Ph.D., and Andrew Forsyth, Ph.D. ECF No. 13 at 8-11, 13, 18.

In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources: treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830. The Ninth Circuit has held that "[t]he opinion of a nonexamining physician cannot by itself constitute

---

[1] Plaintiff's initial briefing argues the ALJ improperly rejected the opinions of "Debra Brown, Ph.D." ECF No. 13 at 8, 18. However, the records referenced by Plaintiff are those of Dr. Islam-Zwart, Tr. 459-471, and there are no medical records in the file from Debra Brown, Ph.D. Plaintiff's reply brief clarifies that the medical professional to which she intended to refer is Dr. Islam-Zwart, not Dr. Brown. ECF No. 15 at 8.

substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 830; *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (finding a nonexamining doctor's opinion "with nothing more" does not constitute substantial evidence).

In weighing the medical opinion evidence of record, the ALJ must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ must also set forth the reasoning behind his or her decisions in a way that allows for meaningful review. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

On May 22, 2017, state agency consultant Patricia Kraft, Ph.D., reviewed the record and opined that Plaintiff was capable of remembering simple repetitive tasks; retained the ability to complete simple tasks at a productive rate with episodic disruption of concentration, persistence and pace due to psychologic symptoms; was capable of superficial social interactions in the work place; and was able to adapt to changes after orientation and could follow plans set by others. Tr. 97-98. On August 9, 2017, Andrew Forsyth, Ph.D., another state agency psychological consultant, reviewed the file upon reconsideration and concurred with Dr. Kraft's opinions. Tr. 113-114.

Nonexamining medical expert Nancy Winfrey, Ph.D., testified at the April 12, 2018 administrative hearing. Tr. 39-43. Dr. Winfrey stated that she completely agreed with the conclusions of the foregoing state agency reviewing physicians that Plaintiff was capable of understanding, remembering or applying

information that was simple and routine, such as one to three step tasks; could work in proximity to but not close cooperation with coworkers and supervisors; and should work away from the public and would work best in a routine, predicable environment. Tr. 42-43. Dr. Winfrey did not elaborate on this opinion or otherwise provide justification for her agreement with the functional limitations assessed by the nonexamining state agency physicians.

In contrast to the opinions of the above nonexamining medical professionals, in April 2015, several months prior to the alleged onset date (February 14, 2017), examining medical professional Kayleen Islam-Zwart, Ph.D., opined that Plaintiff would be unable to work at that time due to her mental health, Tr. 463-471. In addition, on May 12, 2017, Dennis G. Dyck, Ph.D., examined Plaintiff and determined Plaintiff had several marked and extreme work-related limitations. Tr. 536-539. Dr. Dyck opined that Plaintiff's ability to interact with co-workers and the public was likely markedly impaired; ability to maintain regular attendance in the workplace was markedly impaired; ability to complete a normal work day or work week without interruption from mood symptoms was likely extremely impaired; and ability to deal with usual stress encountered in the workplace was extremely impaired if it involved being around other individuals. Tr. 539.

In reaching her RFC determination, the ALJ accorded "little weight" to examining doctors Islam-Zwart and Dyck, and instead accorded "great weight" to the nonexamining medical expert and state agency reviewers. Tr. 24-25.

Defendant argues the ALJ properly summarized and interpreted the conflicting medical evidence within the record. ECF No. 14 at 14-15. Defendant asserts Dr. Islam-Zwart's opinion was inconsistent with Plaintiff's relatively good performance on mental exam, was inconsistent with the record as a whole, overly relied on Plaintiff's subjective reporting, and was made almost two years before the alleged onset date. ECF No. 14 at 14-16. With regard to Dr. Dyck, Defendant contends his opinion relied heavily on Plaintiff's subjective reporting, was based

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 8

1  on a one-time examination which did not provide a longitudinal picture of
2  Plaintiff's condition, and was an overestimate of the severity of Plaintiff's
3  limitations based on the record as a whole.  ECF No. 14 at 16-17.
4       While the report of Dr. Islam-Zwart greatly predates the alleged onset date
5  in this case, *see Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989) (finding medical
6  opinions that predate the alleged onset of disability are of limited relevance), her
7  examining opinion, coupled with the post-onset date conclusions of examining
8  physician Dyck, indicate Plaintiff's mental functioning is much more limited than
9  as expressed by the nonexamining medical professionals.  And, as noted above, the
10 opinion of nonexamining physicians cannot alone justify the rejection of the
11 opinion of either an examining physician or a treating physician.  *Lester*, 81 F.3d at
12 830.  Other than the reports of the above nonexamining medical professionals, the
13 ALJ does not cite other psychological records in support of her conclusions with
14 respect to Drs. Islam-Zwart and Dyck.  Instead, the ALJ merely indicates the
15 opinions of Drs. Islam-Zwart and Dyck were based on Plaintiff's non-credible
16 subjective reports of symptoms and limitations and inconsistent with Plaintiff's
17 performance on exam (Dr. Islam-Zwart) and "the totality of the evidence" (Dr.
18 Dyck).  Tr. 25-26.
19      The ALJ did not provide reasoning for her determination that the foregoing
20 doctors relied heavily on the subjective reports of Plaintiff.  Tr. 25-26.
21 Accordingly, this reason for rejecting the opinions of the examiners is not
22 supported by substantial evidence.  Moreover, the ALJ failed to describe what
23 specific record evidence contradicted Dr. Dyck's opinions, *see Brown-Hunter*, 806
24 F.3d at 492 (finding the agency must set forth reasoning behind its decisions in a
25 way that allows for meaningful review).  Although the ALJ provides one example
26 of why she found the limitations assessed by Dr. Islam-Zwart inconsistent with
27 Plaintiff's "good performance on the mental status examination," a review of the
28 report of Dr. Islam-Zwart does not necessarily indicate Plaintiff's overall

performance on exam was "good." *See* Tr. 537-538. In any event, as asserted by Plaintiff, ECF No. 15 at 5-6, claimants who suffer from mental conditions may have symptoms that wax and wane, with downward cycles and cycles of improvement, and short-lived improvements should not, by themselves, constitute substantial evidence for purposes of overriding a physician's opinion that a claimant is significantly impaired. *See Buck v. Colvin*, 540 Fed. Appx. 772, 773 (9th Cir. 2013). Finally, the ALJ's challenge of Dr. Dyck's one-time examination as not presenting a longitudinal picture of Plaintiff's impairment-related limitations and restrictions, Tr. 25, is undermined when taking into consideration Dr. Islam-Zwart's similar evaluation and opinion from two years prior. Dr. Dyck's examination conclusions, combined with the earlier opinions of Dr. Islam-Zwart, create a longitudinal picture.

Based on the foregoing, the ALJ's rationale for discounting the reports of Drs. Islam-Zwart and Dyck is not properly supported, and the opinions of the nonexamining physicians cannot alone justify the rejection of the examiners' opinions. The Court thus finds the ALJ erred by failing to provide cogent, specific and legitimate reasons, supported by substantial evidence, for rejecting the examiners' opinions. A remand is required for reconsideration of the reports of Drs. Islam-Zwart[2] and Dyck and for further development of the record.[3] Plaintiff's

---

[2]The Court notes that examiner Islam-Zwart's report greatly predates the relevant time period in this action and is thus of limited relevance. *Fair*, 885 F.2d at 600. On remand, the ALJ shall be instructed to review the medical report of Dr. Islam-Zwart and accord it appropriate weight to the extent it is found to address Plaintiff's condition during the relevant period at issue in this matter.

[3]It is apparent additional psychological testing would be helpful to gain a better understanding of Plaintiff's mental health. Consequently, the ALJ shall be directed to develop the record further in this case by having Plaintiff undergo a

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 10

RFC is an administrative finding, dispositive of the case, which is reserved to the Commissioner, and, by delegation of authority, to the ALJ. SSR 96-5p. It is the responsibility of the ALJ, not this Court, to make a RFC determination. Accordingly, Plaintiff's RFC must be redetermined, on remand, taking into consideration the opinions of the medical professionals noted above, as well as any additional or supplemental evidence relevant to Plaintiff's claim for disability benefits.

### B. Plaintiff's Subjective Complaints

Plaintiff contends the ALJ also erred by improperly rejecting her subjective complaints. ECF No. 13 at 16-18.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those

---

consultative psychological examination to assist the ALJ in assessing Plaintiff's mental functioning during the relevant time period.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 11

symptoms were not entirely consistent with the medical and other evidence of record. Tr. 21. The ALJ listed the following reasons for finding Plaintiff's subjective complaints not persuasive in this case: (1) the objective medical evidence did not support the level of impairment claimed; (2) Plaintiff's sparse, remote and conservative mental health treatment was inconsistent with her statements of the limiting effects of the symptoms; and (3) the record suggested Plaintiff may have been motivated to seek treatment for secondary gain. Tr. 21-26.

While the reasons provided by the ALJ for discounting Plaintiff's testimony may be supported by the evidence of record, this matter must be remanded for additional proceedings to remedy defects in light of the ALJ's erroneous determination regarding the medical opinion evidence of record. *See supra*. Accordingly, on remand, the ALJ shall also reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. ECF No. 13 at 19-20. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence in this case and must be reevaluated. On remand, the ALJ shall reassess the opinions of Drs. Islam-Zwart and Dyck and all other medical evidence of record relevant to Plaintiff's claim for disability benefits. The ALJ shall further develop the record by directing Plaintiff to undergo a new consultative psychological examination.

The ALJ shall reevaluate Plaintiff's subjective complaints, formulate a new RFC determination, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED July 6, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE